Christopher J. Hamner, Esq. (SBN 197117)
Evelina M. Serafini, Esq. (SBN 187137)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com
eserafini@hamnerlaw.com

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL BARBER, an individual<br><br>Plaintiff<br><br>v.<br><br>MULTI MEDIA, LLC d/b/a CHATTRUBATE, a California limited liability company, BAYSIDE SUPPORT SERVICES LLC, a Florida limited liability company, and DOES 1 through 10, inclusive<br><br>Defendants | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Negligence<br>2. Negligent Infliction of Emotional Distress<br>3. Violation of Business & Professions Code §17200<br>4. Medical Monitoring<br>5. Declaratory and Injunctive Relief<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This case arises from the psychological trauma suffered by Plaintiff NEAL BARBER ("Plaintiff") from his work as a content moderator on the adult live-streaming platform Chaturbate.com. Plaintiff alleges he and the proposed class have been subjected to daily exposure of extreme, violent, graphic, and sexually explicit content, without any of the safeguards now recognized as necessary to prevent lasting psychological harm to such content moderators.

2. Defendants BAYSIDE SUPPORT SERVICES LLC ("Bayside") and MULTI MEDIA, LLC d/b/a CHATURBATE ("Chaturbate") (collectively "Defendants") jointly employed Plaintiff and the proposed class of content moderators. During the liability period, Defendants knowingly and intentionally failed to provide their content moderators with industry-standard mental health protections, such as content filters, wellness breaks, trauma-informed counseling, or peer support systems.

3. As a result of this prolonged and harmful exposure, and the Defendants' failure to act appropriately with regard to their content moderators, Plaintiff developed post-traumatic stress disorder (PTSD) and other severe emotional injuries, requiring ongoing medical treatment and therapy. These injuries were not only foreseeable, but preventable. Had Defendants taken even the minimal precautions adopted by companies in Defendants' industry, Plaintiff would not have suffered these injuries. Plaintiff is informed and believes that numerous other members of the proposed class have also suffered emotional harm from engaging in the content moderator duties required of them by Defendants.

4. Through this action, Plaintiff seeks to hold Defendants accountable for their systemic disregard of the psychological safety of their content moderators, to recover compensation for the harm he and the proposed class have suffered, and to

2

COMPLAINT

ensure that he and the proposed class are no longer exposed to unsafe and harmful digital workplaces without proper mental health protections.

## I. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), as the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendants.

6. Plaintiff is a resident of Las Vegas, Nevada.

7. Bayside is a Florida limited liability company with its principal place of business in Miami, Florida. Bayside provides content moderators to various online platforms.

8. Chatturbate is a California limited liability company with its principal place of business in Lake Forest, California.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## II. PARTIES

10. Plaintiff is an individual who has at all relevant times worked for Defendants as a "Customer Service Risk Supervisor." Plaintiff's job is to act as a content moderator for the Chatturbate website. Plaintiff's job requires him to view and interact with sexually explicit, violent, obscene and psychologically disturbing live-streamed content for extended periods of time without adequate mental health protections.

11. Plaintiff was hired by Defendants in November of 2020 and is currently on medical leave due to PTSD from his contentment moderation work for Defendants. Defendants have been Plaintiff's joint employer during the time of the events alleged herein.

COMPLAINT

12. At all times alleged herein Bayside has handled payroll and staffing logistics for Plaintiff and the proposed class. At all times alleged herein, Chaturbate has been the joint employer of Plaintiff and the proposed class because Chaturbate exclusively dictates all moderation policies, procedures, and performance standards for Plaintiff and the proposed class.

13. Plaintiff and the proposed class of content moderators are required to operate entirely within Chaturbate's proprietary digital infrastructure, follow Chaturbate's moderation protocols, and meet its platform-defined engagement and responsiveness targets. Human Resources and staff training for Bayside and Chaturbate are handled by the same people.

14. At all times alleged herein, Bayside and Chaturbate each has retained full authority to monitor, evaluate, and remove Chaturbate.com content moderators.

### III. FACTUAL ALLEGATIONS

15. Chaturbate.com is owned and operated by Chaturbate. Chaturbate.com is an adult live-streaming website that hosts sexually explicit content and interactive performances broadcast by models to a global audience. The platform allows users to view, tip, and engage in real-time chat with performers, and relies on content moderators to manage user interactions, enforce content guidelines, remove inappropriate content, and sustain user engagement across sexually explicit and high-traffic channels.

16. Because platforms like Chaturbate host vast amounts of live, unfiltered, and sexually explicit content, content moderators are essential to maintain compliance with legal standards, enforce platform rules, and prevent the dissemination of illegal or abusive material. They serve as the first line of defense against child exploitation, non-consensual content, violent content, obscene content, self-harm, and other violations. Without content moderators, Chaterbate.com would quickly become unmanageable, unsafe, and legally vulnerable.

17. Plaintiff and the proposed class have been expected to view and respond to sexually explicit, violent, or otherwise psychologically disturbing material in real time, often without adequate rest, training, or mental health support.

18. Defendants refer to their content moderators not as "moderators," but as "customer service risk supervisors," and "customer service risk agents." Each of these titles is used by Defendants to describe individuals who perform content moderation functions for the Chaturbate.com platform.

19. Despite these alternative titles, these workers each performed the core functions of content moderation, including identifying and reporting prohibited content, managing viewer interactions, and sustaining user engagement. The rebranding of this role as "agent" or "supervisor" does not diminish its nature as high-risk moderation work involving prolonged exposure to disturbing, obscene, violent and sexually explicit material.

20. Plaintiff seeks to represent a class of individuals who held one or more of these titles or engaged in content moderation work for Defendants under a different job title.

21. Because prolonged exposure to graphic, violent, and sexually explicit content is known to cause serious psychological harm, including post-traumatic stress disorder, digital labor experts, occupational psychologists, and organizations such as the World Health Organization (WHO) and the International Association of Privacy Professionals (IAPP) have recognized the need for protective standards in content moderation. These guidelines, which are also reflected in policy changes implemented by companies like Facebook (Meta) and YouTube following high-profile litigation, recommend trauma-informed mental health support, content filtering tools (e.g., grayscale and muted autoplay), wellness breaks, workload rotation, and regular psychological assessments. Although not legally mandated, these standards are now widely considered industry norms and have been

incorporated into court-approved settlements and internal policy reforms by leading technology platforms. Plaintiff alleges Defendants did not implement or follow any of these standards. This exposed Chaterbate.com content moderators like Plaintiff and the proposed class to foreseeable and preventable psychological harm.

22. During the liability period Plaintiff and the proposed class have been and continue to be routinely exposed to some of the most graphic, disturbing, obscene and psychologically damaging content found anywhere online. Their jobs require them to monitor live-streamed material which too often involves child sexual abuse imagery, self-harm and suicide threats, extreme violence, and highly obscene, degrading, or dehumanizing sexual acts. Much of this content is created to be intentionally shocking, often non-consensual, and designed to provoke trauma. Plaintiff and the proposed class have been subjected to this material for extended hours without the benefit of trauma-informed supervision, wellness breaks, or access to psychological support. This relentless exposure has led to chronic psychological harm, including vivid nightmares, emotional detachment, panic attacks, and other symptoms consistent with PTSD for Chaterbate.com content moderators. This was a foreseeable consequence of a workplace designed with no regard for mental health.

23. Plaintiff alleges Defendants knew or should have known that prolonged exposure to sexually explicit, obscene, graphic, disturbing and violent content posed significant psychological risks, yet failed to require or implement industry-standard safeguards.

24. As a result of Defendants' failure to provide a psychologically safe workplace, and Defendants' omissions regarding protecting its content moderators from the mental health risks involved in his work, Plaintiff and the proposed class have suffered severe emotional distress, economic loss, and permanent psychological injury.

COMPLAINT

25. Defendants' conduct falls outside the scope of workers' compensation exclusivity because it violated fundamental public policies and involved a reckless failure to provide a safe workplace far beyond mere negligence. Plaintiff alleges that Defendants knowingly failed to implement basic, industry-recognized mental health protections for workers regularly exposed to graphic, violent, and disturbing content despite widespread acknowledgment that such exposure poses a serious risk of psychological harm. This failure was not a routine workplace oversight but a conscious disregard of nondelegable duties imposed by law and public policy, including the obligation to provide a safe and healthy work environment. As such, Plaintiff's claims are not barred by workers' compensation exclusivity.

## IV.   CLASS ACTION ALLEGATIONS

26.   Plaintiff brings this action on behalf of a proposed class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), and seeks to represent the following class of people:

> **All individuals who, at any time during the four years preceding the filing of this Complaint through the present, performed moderation work for Chaturbate.com on behalf of Defendants, regardless of job title or location.**

*Numerosity.*  The members of the proposed class are so numerous that their Individual joinder is impracticable.  The precise number of proposed class members is unknown to Plaintiff.  The true number of the proposed class is known by the Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

*Existence and Predominance of Common Questions of Law and Fact.* Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members.

*Typicality.*  Plaintiff's claims are typical of the claims of the proposed class.

*Adequacy of Representation.* Plaintiff will fairly and adequately protect the interests of the members of the proposed class. Plaintiff has retained counsel experienced in complex labor and consumer class action litigation. Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the proposed class.

*Superiority.* A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if proposed class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## V.  CAUSES OF ACTION

### First Cause of Action

### Negligence

27. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

28. Defendants owed Plaintiff and the proposed class a duty of care to provide a safe workplace and to protect him from foreseeable harm.

29. Defendants breached this duty by failing to implement reasonable safeguards to protect moderators from exposure to psychologically harmful content.

30. As a direct and proximate result of this negligence, Plaintiff and the proposed class have suffered severe emotional distress and psychological injury.

## Second Cause of Action

## Negligent Infliction of Emotional Distress

31. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

32. Defendants' conduct created working conditions so extreme and unsafe that a reasonable person in Plaintiff's position would have suffered emotional distress.

33. Defendants knew or should have known that their failure to provide psychological safeguards would cause Plaintiff and the proposed class serious emotional harm.

34. As a result, Plaintiff suffered PTSD and other psychological injuries requiring ongoing treatment. On information and belief, Plaintiff asserts that the proposed class has also suffered harm from the acts and omissions alleged against Defendants herein.

## Third Cause of Action

## Violation of Business & Professions Code § 17200 (Unfair Competition Law)

35. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

36. Defendants engaged in unfair and unlawful business practices by failing to provide a safe work environment, misrepresenting the conditions of employment, and ignoring known health risks.

37. These practices gave Defendants an unfair business advantage and caused substantial injury to Plaintiff and the proposed class.

COMPLAINT

## Fourth Cause of Action

## Medical Monitoring

38. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

39. Plaintiff and the proposed class were exposed to known hazards through his work, including psychologically harmful content, which has been linked to PTSD and other mental health conditions.

40. There is a reasonably certain need for medical monitoring, including ongoing screening and treatment for mental health conditions caused by this exposure.

41. Plaintiff seeks the establishment of a court-supervised medical monitoring fund to provide such care.

## Fifth Cause of Action

## Declaratory and Injunctive Relief

42. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

43. An actual controversy exists between Plaintiff and Defendants regarding Defendants' obligation to implement mental health safeguards for their content moderators.

44. Plaintiff seeks declaratory relief that Defendants' conduct was unlawful and injunctive relief requiring the implementation of recognized protective measures, including but not limited to mental health screenings, mandatory breaks, and access to psychological counseling.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General and special damages in an amount to be proven at trial;

2. Costs of medical and psychological treatment;
3. Loss of income and earning capacity;
4. Punitive and exemplary damages where allowed;
5. Injunctive relief requiring Defendants to implement mental health safeguards for moderators;
6. Establishment of a medical monitoring fund;
7. Reasonable attorneys' fees and costs;
8. Such other and further relief as the Court deems just and proper.

DATED: July 21, 2025          **HAMNER LAW OFFICES, APLC**

*Chris Hamner*

_____
By: Christopher J. Hamner, Esq.
Attorneys for Plaintiff and the proposed class

COMPLAINT