Christopher J. Hamner, Esq. (SBN 197117)
Evelina M. Serafini, Esq. (SBN 187137)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com
eserafini@hamnerlaw.com

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL BARBER, an individual<br><br>Plaintiff<br><br>v.<br><br>MULTI MEDIA, LLC d/b/a CHATTRUBATE, a California limited liability company, BAYSIDE SUPPORT SERVICES LLC, a Florida limited liability company, and DOES 1 through 5, inclusive<br><br>Defendants | Case No.: 8:25-cv-01602-JWH-ADS<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:      December 5, 2025<br>Time:      9:00 a.m.<br>Courtroom: 9D |

# JOINT RULE 26(f) REPORT

**1. Statement of the Case**

    **Plaintiff's Position:**

Plaintiff Neal Barber, a former content moderator for Defendants' online platform Chaturbate.com, asserts claims arising from Defendants' operation of an unsafe content moderation system that exposed him and similarly situated workers to severe graphic and traumatic material without adequate safety protocols, training, warnings, mental-health support, or rotation safeguards. Plaintiff alleges Defendants misrepresented the nature of the job, failed to implement industry-recognized protections, and caused severe emotional distress. The claims include Negligence, Intentional Infliction of Emotional Distress, Unfair Competition under Business & Professions Code section 17200, and requests for injunctive and equitable relief to reform Defendants' unsafe practices.

    **Defendants' Position:**

Defendants Bayside Support Services LLC and Multi Media LLC (together, "Defendants") assert that Plaintiff's entire lawsuit is misplaced and legally baseless. Plaintiff's initial Complaint alleged only negligence-based claims. Once Plaintiff was confronted with Defendants' initial motion to dismiss, which pointed out that Plaintiff's claims were completely preempted by California's workers' compensation law (and were also deficient for a host of other reasons), he completely changed his tune, now alleging that Defendants' supposed failure to implement safeguards for "content moderators" amounts to *intentional* infliction of emotional distress. Even with this about-face in his First Amended Complaint ("FAC"), however, Plaintiff's claims are still fatally defective. Moreover, Plaintiff will not be able to certify the alleged class, as there is an insufficient number of injured putative members to properly form a class under applicable legal standards.

2

Plaintiff will also not be able to satisfy the typicality, commonality, predominance, or superiority elements required for certification under Fed. R. Civ. P. 23.

**2. Subject Matter Jurisdiction**

    **Plaintiff's Position:**

This Court has original jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of a state different from Defendants, Defendants are citizens of states different from Plaintiff, and the amount in controversy exceeds $75,000 exclusive of interest and costs, as Plaintiff seeks damages and equitable relief arising from Defendants' tortious conduct and systemic failure to provide a safe workplace.

This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a proposed class action in which the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, minimal diversity exists, and the class exceeds 100 members; according to Defendants' own records there are at least 81 class members located in the United States, and Plaintiff alleges on information and belief that there are approximately 30 additional class members working for Defendants overseas.

    **Defendants' Position:**

Defendants do not dispute that diversity jurisdiction may be appropriate under 28 U.S.C. § 1332(a). However, Defendants assert that jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because, throughout the history of Chaturbate, there have only been approximately 25 or fewer employees that have been, or who are, Customer Service Risk Managers, like Barber. None are located in California. Class certification requires at least 40 similarly situated and injured class members. *See, e.g. Schneider v. Champignon Brands, Inc.*, 2022 WL 22879587, at *8 (C.D. Cal. Nov. 1, 2022) ("[C]ourts

3

generally find that the numerosity requirement is satisfied when a class includes at least 40 members."). And, most significantly, for each putative member to be part of the proposed class, he or she must "suffer the same injury" as Plaintiff. *Sueoka v. United States*, 101 F. App'x. 649, 653 (9th Cir. 2007). It will be impossible for Plaintiff to satisfy that standing and numerosity requirements in order for class certification to be granted.

Defendants also dispute that damages in this case exceed $5,000,000. Further, "overseas" workers are not subject to the common and statutory laws of California. Those workers are subject to the laws of those foreign countries and which are to be enforced by the courts or tribunals in those countries.

**3. Legal Issues**

**Plaintiff's Position:**

Whether Defendants owed a duty to provide psychological safety protections Standing for injunctive relief, class certification requirements under Rule 23, and whether Defendants' system violated industry-recognized trauma mitigation standards

**Defendants' Position:**

Whether Plaintiff has adequately alleged any claim for relief under Fed. R. Civ. P. 12(b)(6); whether Plaintiff has standing to pursue injunctive relief; whether Plaintiff will be able to meet the rigid class certification requirements of Fed. R. Civ. P. 23; whether alleged violation of industry standards amounts to conduct sufficient to constitute negligence and/or intentional infliction of emotional distress; whether Plaintiff will be able to adequately prove causation of his supposed injuries given the major brain surgery he underwent during the relevant time period.

**4. Parties, Evidence, and Key Documents**

**Plaintiff's Position:**

Parties include Neal Barber and Defendants Bayside Support Services LLC

and Multi Media LLC d/b/a Chaturbate. Key witnesses include Plaintiff, current and former content moderators, supervisors, HR personnel, and medical providers. Key documents include employee handbooks, training materials, moderation guidelines, internal communications, mental health policies, performance reviews, and job descriptions.

**Defendants' Position:**

Defendants agree with Plaintiff's description of the parties, evidence, and key documents.

**5. Damages**

**Plaintiff's Position:**

Plaintiff estimates total provable damages, including emotional distress, medical costs, restitution, and equitable relief value, to exceed $5,000,000 on a class-wide basis.

**Defendants' Position:**

Plaintiff is entitled to no damages. Plaintiff will be unable to show that Defendants breached any duty to him, or that they engaged in any negligent or intentional conduct that caused him harm. Even if Plaintiff were to make such showings (and he will not), he will not be able to prove causation for his PTSD/emotional distress injuries because of the major brain surgery he underwent in the relevant time period. Finally, "damages" are not available under California's Unfair Competition Law.

**6. Insurance**

**Plaintiff's Position:**

Plaintiff is unaware of specific insurance coverage at this time and will seek discovery regarding the existence and scope of any liability insurance.

**Defendants' Position:**

Defendants are currently unaware of any relevant insurance policy that may

be implicated by Plaintiff's claims. Defendants are investigating this issue and, to the extent necessary, will disclose any such relevant policy in their Initial Disclosures.

### 7. Motions

**Plaintiff's Position:**

Plaintiff will soon file a motion for an order for notice and communications to class members per Federal Rule of Civil Procedure 23(d)(1)(B). Plaintiff will also a motion seeking injunctive relief to require Defendants to implement industry-recognized content moderation safety protocols and cease the unsafe practices alleged in the Complaint. After conducting class discovery, Plaintiff will file a motion for class certification to Rule 23.

**Defendants' Position:**

Defendants will be filing a motion to dismiss the FAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6). If any claim in the FAC survives, Defendants will then file a dispositive motion for summary judgment. Defendants will oppose any motion for discovery to take place before the Court adjudicates Defendants' soon to be filed dispositive motion to dismiss the FAC.

### 8. Manual for Complex Litigation

**Plaintiff's Position:**

Plaintiff believes certain procedures of the Manual for Complex Litigation may be appropriate due to the class nature, evidentiary volume, and systemic practices involved.

**Defendants' Position:**

Defendants do not believe any procedures from the Manual for Complex Litigation are necessary in this matter at this time.

### 9. Status of Discovery

JOINT RULE 26(f) REPORT

**Plaintiff's Position:**

No substantive discovery has occurred yet.

**Defendants' Position:**

The parties have not undertaken any discovery in this matter. Defendants oppose conducting any wasteful discovery before this Court adjudicates Defendants' forthcoming motion to dismiss Plaintiff's legally defective FAC.

**10. Discovery Plan**

**Plaintiff's Position:**

Plaintiff intends to serve written discovery and take depositions addressing Defendants' moderation practices, safety policies, training protocols, content exposure metrics, and internal communications regarding employee mental health. Plaintiff anticipates phased discovery beginning with class-certification-related topics.

**Defendants' Position:**

Defendants submit that it would be inefficient and wasteful to engage in any discovery before this Court hears their motion to dismiss the FAC. Defendants anticipate that the Court will grant that motion and dismiss the FAC, making discovery unnecessarily wasteful at this time.

**11. Discovery Cut-Off**

**Plaintiff's Position:**

Plaintiff proposes that the discovery cut-off be set by the Court at a date sufficiently in advance of trial to ensure completion of all discovery and to preserve all applicable statutory time limits.

**Defendants' Position:**

To the extent that Plaintiff's FAC survives Defendants' forthcoming motion to dismiss, Defendants agree with Plaintiff's proposal to set a discovery cut-off.

**12. Expert Discovery**

**Plaintiff's Position:**

Plaintiff anticipates retaining experts in workplace psychology, occupational safety, and trauma exposure. Plaintiff proposes that expert discovery deadlines be set by the Court after entry of the Scheduling Order and in coordination with the timing of class certification briefing, with initial expert disclosures to occur following the close of class discovery and rebuttal disclosures and expert discovery cutoff to follow as ordered by the Court.

**Defendants' Position:**

To the extent that Plaintiff's FAC survives Defendants' forthcoming motion to dismiss, Defendants anticipate retaining experts in damages, medical doctor, workplace psychology, occupational safety, and trauma exposure. Defendants concur with Plaintiff's position on the scheduling of expert discovery.

**13. Dispositive Motions**

**Plaintiff's Position:**

None at this time.

**Defendants' Position:**

Defendants plan to file a motion to dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6), as it fails to state any claim under which relief may be granted.

**14. Settlement / ADR**

**Plaintiff's Position:**

Plaintiff has proposed private mediation and Defendants have declined.

**Defendants' Position:**

Plaintiff's FAC is entirely baseless and will not survive a motion to dismiss.

Because Plaintiff's claims are meritless, Defendants are not interested in settlement or private mediation at this juncture.

### 15. Trial Estimate

**Plaintiff's Position:**

Estimated trial length: 7–10 days.

Plaintiff expects to call approximately 8–12 witnesses.

Plaintiff requests jury trial.

**Defendants' Position:**

Estimated trial length: 4–7 days.

Defendants expect to call approximately 5–7 witnesses.

### 16. Trial Counsel

**Plaintiff:**

Christopher J. Hamner, Esq. (SBN 197117)

HAMNER LAW OFFICES, APLC

26565 West Agoura Road, Suite 200

Calabasas, California 91302

Telephone: (888) 416-6654

chamner@hamnerlaw.com

**Defendants:**

Donald R. Pepperman (Bar No. 109809)

Jaime W. Marquart (Bar No. 200344)

Sam S. Meehan (Bar No. 307934)

WAYMAKER LLP

515 S. Flower Street, Suite 3500

Los Angeles, California 90071

Telephone: (424) 652-7800

dpepperman@waymakerlaw.com

jmarquart@waymaker.law.com

smeehan@waymakerlaw.com

### 17. Independent Expert or Master

**Plaintiff's Position:**

Plaintiff does not currently believe a master or independent expert is required.

**Defendants' Position:**

Defendants agree with Plaintiff's position on this topic.

### 18. Timetable

**Plaintiff's Position**

Because this action is in its initial stages and no trial date has been set, Plaintiff proposes that all deadlines related to pretrial and trial proceedings be established by subsequent court order following the completion of initial discovery and the resolution of any anticipated motions, including class certification and dispositive motions.

**Defendants' Position:**

Defendants agree with Plaintiff's position on this topic.

### 19. Amending Pleadings and Adding Parties

**Plaintiff's Position:**

Plaintiff does not presently anticipate adding additional parties but reserves the right based on discovery.

10

JOINT RULE 26(f) REPORT

**Defendants' Position:**

Defendants do not anticipate bringing any claims or adding parties to this matter but reserve that right based on discovery.

DATED: November 21, 2025        **WAYMAKER LLP**

/s/ Donald R. Pepperman
_____
By: Donald R. Pepperman, Esq.
Attorneys for Defendants
Bayside Support Services LLC and
Multi Media LLC


DATED: November 21, 2025        **HAMNER LAW OFFICES, APLC**

/s/ Chris Hamner
_____
By: Christopher J. Hamner, Esq.
Attorneys for Plaintiff and the proposed class

JOINT RULE 26(f) REPORT