WAYMAKER LLP
Jaime W. Marquart (Bar No. 200344)
  jmarquart@waymakerlaw.com
Donald R. Pepperman (Bar No. 109809)
  dpepperman@waymakerlaw.com
Sam S. Meehan (Bar No. 307934)
  smeehan@waymakerlaw.com
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Defendants Bayside Support Services LLC and Multi Media LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| NEAL BARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MULTI MEDIA, LLC d/b/a CHATTRUBATE, a California limited liability company, BAYSIDE SUPPORT SERVICES LLC, a Florida limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-01602-JWH-ADS<br><br>**RESPONSE OF COUNSEL FOR DEFENDANTS BAYSIDE SUPPORT SERVICES LLC AND MULTI MEDIA LLC TO ORDER TO SHOW CAUSE RE SANCTIONS**<br><br>Judge: Hon. John W. Holcomb<br><br>Courtroom: 9D |

1      Donald R. Pepperman, Jaime W. Marquart, and Samuel S. Meehan, counsel
2 for Defendants Multi Media, LLC and Bayside Support Services LLC (together
3 "Defendants' Counsel") respectfully submit this Response to the Court's Order to
4 Show Cause for why sanctions should not be imposed for failure to timely file a
5 joint Rule 26(f) Report.
6      Defendants' Counsel wishes to begin by apologizing to the Court that a joint
7 Rule 26(f) Report was not timely filed, and that no disrespect or disobedience of this
8 Court's authority was intended. Defendants' Counsel did not have sufficient time to
9 review Plaintiff's First Amended Complaint (the "FAC")—which was filed near
10 midnight the day before the Rule 26(f) Report was due—and Plaintiff's portion of
11 the Report—which was sent to Defendant's Counsel midday on the same day (a
12 Friday) the Report was due. Defendants' Counsel endeavored to review the FAC
13 and draft Defendants' portion of the joint Report as quickly as reasonably
14 practicable, which resulted in the Report being filed in the morning the following
15 Monday. Based on these circumstances, Defendants' Counsel respectfully submits
16 that sanctions are not warranted. Under its inherent authority, this Court may impose
17 "a reasonable fine" against counsel who have engaged in "gross negligence or
18 reckless conduct[.]" *Zambrano v. City of Tustin*, 885 F.2d 1473, 1482 (9th Cir.
19 1989). Defendants' Counsel respectfully submit that, given the procedural posture
20 and uncertainty at the time the Report was due, they did not act with gross
21 negligence or engage in reckless conduct so as to warrant the imposition of
22 sanctions against them.
23      Defendants filed their dispositive motion to dismiss Plaintiff's Complaint on
24 November 3, 2025, setting a hearing date for December 5, 2025. *See* Dkt. 19. Under
25 Local Rule 7-9, which requires oppositions to motions to be filed 21 days before the
26 hearing date, Plaintiff's opposition to the was due on November 14, 2025.
27      Shortly after the motion to dismiss was filed, Plaintiff's counsel notified
28 Defendants' Counsel of Plaintiff's intent to file the FAC. (Declaration of Donald R.

1
DEFENDANTS' COUNSEL'S RESPONSE TO OSC RE SANCTIONS

Pepperman (the "Pepperman Decl.") ¶ 2.) However, the November 14 date for Plaintiff to oppose the pending motion, or file a notice of intent not to oppose (Local Rule 7-9) or file the FAC, came and went with no such filing. (Pepperman Decl. ¶ 3.)

At that point, given the obvious, fatal legal deficiencies in Plaintiff's purported claims, Defendants' Counsel was unsure as to whether Plaintiff had elected to abandon his case. (*Id.* ¶ 4.) The Plaintiff is the master of his own case. After a week without hearing from Plaintiff, Defendant's Counsel filed a reply to their motion to dismiss, citing caselaw holding that failure to oppose a motion amounted to consent to granting that motion. *See* Dkt. 21. That reply was filed on November 20, 2025—a day before the Court-imposed deadline to file the Rule 26(f) Report. At nearly midnight that same day, Plaintiff filed his FAC. Dkt. 22; *see also* Pepperman Decl. ¶ 5.

On the morning of November 21, 2025, the same date the Rule 26(f) Report was due, Defendants' Counsel saw that the FAC had been filed. (Pepperman Decl. ¶ 6.) Plaintiff's FAC heavily revised the allegations from the initial Complaint, which included a new claim for intentional infliction of emotional distress. (*Id.* ¶ 7.) Moreover, Plaintiff failed to comply with Section 12 of this Court's Standing Order, which requires that a party amending its pleadings "***must*** file a redlined copy that compares their amended pleading with their previous pleading." (emphasis in original). As that section of the Standing Order makes clear, failure to file a redlined version of the amended pleadings without good cause "***will*** result in the Court striking the party's amended pleading." (emphasis added). Therefore, it was unclear whether the FAC had been properly filed and was operative.

Plaintiff extensively amended his pleading and failed to file the required redlined copy, meaning that Defendants' Counsel were required to spend a significant amount of time reviewing and analyzing the FAC that day. (Pepperman

Decl. ¶ 7–9.) Defendants' Counsel were also short-staffed that Friday, as associate Sam S. Meehan was away on vacation. (*Id.* ¶ 9.)

Plaintiff's counsel only sent Defendants' Counsel a draft of Plaintiff's portions of the Rule 26(f) Report at 11:39 a.m. on November 21, 2025—the day it was due and the same morning Defendants' Counsel were reviewing the newly filed, heavily amended FAC. (*Id.* ¶ 10.) In that email, Plaintiff's counsel stated that "[w]e owe the court a 26f report" and that he would "like to get this filed today please." (*Id.*) Defendants' Counsel explained in a response email that they would not be able to provide Defendants' portion of the Report before the end of the day, as they would need to review the revised pleadings and the draft language for Defendants' portion of the Report with their clients—who are located three hours ahead on the East Coast, where it was already late Friday afternoon—before filing. (*Id.* ¶ 11.) Defendants' Counsel worked as quickly as practicable to do so, which resulted in the Report being filed in the morning on the next business day, one day late. (*Id.* ¶ 12.)

Defendants' Counsel reiterates their apologies to the Court and also assure the Court that no other Court-imposed deadlines will be missed in the future in this matter, regardless of circumstances.

DATED: December 1, 2025         WAYMAKER LLP

By: */s/ Donald R. Pepperman*
DONALD R. PEPPERMAN
*Attorney for Defendants Bayside Support Services LLC and Multi Media LLC*

1  DATED: December 1, 2025            WAYMAKER LLP
2
3
4                                      By: */s/ Jaime W. Marquart*
                                          JAIME W. MARQUART
5                                         *Attorney for Defendants Bayside Support*
6                                         *Services LLC and Multi Media LLC*

7  DATED: December 1, 2025            WAYMAKER LLP
8
9
10                                     By: */s/ Sam S. Meehan*
                                          SAM S. MEEHAN
11                                         *Attorney for Defendants Bayside Support*
12                                         *Services LLC and Multi Media LLC*